**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-4660**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MICHAEL ANTHONY DARBY,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Orangeburg. Margaret B. Seymour, Chief District Judge. (5:10-cr-00184-MBS-9)

───────────

Submitted: March 29, 2012        Decided: April 2, 2012

───────────

Before WILKINSON, KING, and KEENAN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Leslie T. Sarji, VITETTA.SARJI LAW GROUP, LLC, Daniel Island, South Carolina, for Appellant. Julius Ness Richardson, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Anthony Darby appeals his sixty-month sentence imposed pursuant to his guilty plea to conspiracy to make false statements with regard to the acquisition of firearms from licensed dealers, to engage in the business of dealing in firearms in interstate commerce, and to travel in interstate commerce to acquire firearms with the intent to engage in the business of firearms without a federal license, in violation of 18 U.S.C. § 371 (2006). On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting no meritorious issues for appeal but questioning whether enhancements to Darby's offense level were warranted under U.S. Sentencing Guidelines Manual §§ 3B1.1(b), 2K2.1(b)(4) (2010). Darby was notified of his right to file a pro se supplemental brief, but he did not do so. The Government elected not to file a responsive brief. We affirm.

We review a district court's application of the Guidelines during sentencing de novo and its factual findings for clear error. United States v. Mehta, 594 F.3d 277, 281 (4th Cir. 2010). A district court must make relevant factual findings at sentencing based on its view of the preponderance of the evidence. United States v. Young, 609 F.3d 348, 357 (4th Cir. 2010).

Darby first argues the district court improperly enhanced his sentence for his role in the offense under USSG § 3B1.1(b) because the same facts were used to establish his base offense level under USSG § 2K1.1 and, therefore, the enhancement constituted impermissible "double counting." Pursuant to USSG § 3B1.1(b), a defendant qualifies for a three-level enhancement if he was "a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." USSG § 3B1.1(b). Having reviewed the record, we conclude that the district court did not err in imposing the enhancement.

Darby also asserts that the district court erred in applying an enhancement for possession of a firearm with an obliterated serial number because there was no evidence he had knowledge of the obliterated serial number. The Guidelines provide for a four-level enhancement if a firearm had an altered or obliterated serial number. USSG § 2K2.1(b)(4). The accompanying commentary specifically states that the enhancement applies "regardless of whether the defendant knew or had reason to believe that the firearm . . . had an altered or obliterated serial number." USSG §2K2.1(b)(4) cmt. n. 8(B); see also United States v. Statham, 581 F.3d 548, 553 (7th Cir. 2009) (stating that the defendant need not have known that the serial numbers had been removed from the weapons for the enhancement to apply);

3

United States v. Brown, 514 F.3d 256, 269 (2d Cir. 2008) (finding that the strict liability nature of this provision reasonably imposes the burden on the felon to ensure the number is not obliterated, and that such a burden does not violate due process); cf. United States v. Mobley, 956 F.2d 450, 452-53 (3d Cir. 1992) (finding that the language of the enhancement contained no scienter requirement, and no such requirement would be read into the provision). We therefore find no error in the imposition of this enhancement.

In accordance with Anders, we have examined the entire record for potentially meritorious issues and have found none. We affirm the judgment of the district court. This court requires that counsel inform Darby, in writing, of his right to petition the Supreme Court of the United States for further review. If Darby requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move to withdraw. Counsel's motion must state that a copy thereof was served on Darby. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4